## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br>v.<br><br>DIAMOND KIP'S INC., d/b/a ALPINE VALLEY SERVICES, and TIMOTHY RIGGINS, individually,<br><br>    DEFENDANTS. | CIVIL ACTION NO. 1:14-cv-00468<br><br><br><br>COMPLAINT |

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA), and to restrain Defendants from withholding payment of overtime compensation found by the Court to be due Defendants' employees under the FLSA, and an equal amount as liquidated damages found to be due to any of the employees who are named in the attached Exhibit A.

### I.

Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and1345.

### II.

1.      Defendant, Diamond Kip's Inc. d/b/a Alpine Valley Services (AVS) is a Colorado-registered corporation, with a principal office located at 402 Widget Street, Basalt, CO 81621, within the jurisdiction of this Court.  AVS is engaged in property

management and residential and commercial cleaning services.

2.     Defendant Timothy Riggins, an individual, resides in Colorado, and acts directly or indirectly in the interest of AVS in relation to its employees by exerting daily operational control, hiring and firing employees, making policy decisions that affect employees, setting employee compensation, and suffering and permitting employees to work.  Mr. Riggins is an employer as defined in section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## III.

AVS and Mr. Riggins (collectively Defendants) have been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

## IV.

Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that Defendants have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that Defendants have an annual gross volume of sales made or business done of not less than $500,000.

## V.

Defendants violated the provisions of sections 7 and 15(a)(2) of the FLSA by employing certain of their employees in an enterprise engaged in commerce or in the

production of goods for commerce, since at least February 24, 2012, without compensating said employees overtime wages for their employment in excess of forty (40) hours in such workweeks.  Defendants violated the FLSA's overtime provisions by not paying piece rate workers an overtime premium for hours worked over 40 in a workweek; by not including all hours worked (e.g., drive time during the workday) in determining hours worked in a workweek for overtime purposes; and by not calculating the correct regular rate and the correct overtime rate for employees who were paid two different rates of pay.

## VI.

Defendants, employers subject to the provisions of the FLSA, violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked in excess of 40 in a workweek, and failed to record the correct overtime rate of pay for such hours.

## VII.

As a result of the violations alleged in paragraphs V and VI above, amounts are owing from Defendants to certain of Defendants' present and former employees, including, but not limited to, those persons specifically named in Exhibit A, attached hereto, and incorporated herein by reference.

Inasmuch as the violations may be continuing, additional amounts are accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from February 9, 2013, to the present.

## VIII.

Defendants have violated the FLSA. A judgment enjoining the alleged violations and restraining the withholding of overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217.

## IX.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

1.      For a judgment pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the FLSA;

2.      Plaintiff also prays for judgment pursuant to section 16(c) of the FLSA, against Defendants and in favor of the Plaintiff, for unpaid overtime compensation due Defendants' employees for the period from February 24, 2012, to February 8, 2013; and in such additional amounts as may be found by this Court to be due for the period from February 9, 2013 until the date of judgment; and for equal additional amounts as liquidated damages;

3.      In the event liquidated damages are not awarded, for a judgment pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest

computed at the underpayment rate established by the Secretary of Treasury pursuant to

26 U.S.C. § 6621;

4.     For a judgment awarding Plaintiff the costs of this action; and

5.     For a judgment granting such other and further relief as may be

necessary and appropriate.

Respectfully submitted on this <u>24th</u> day of February, 2014,

M. Patricia Smith
Solicitor of Labor

James E. Culp
Regional Solicitor

John Rainwater
Associate Regional Solicitor


<u>/s/Lydia Tzagoloff</u>
Lydia Tzagoloff
Senior Trial Attorney

<u>/s/Alicia Truman</u>
Alicia Truman
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
1244 Speer Boulevard, Suite 515
Denver, CO  80204-3516
(303) 844-1745/1751

tzagoloff.lydia@dol.gov
truman.alicia.a@dol.gov


U.S. DEPARTMENT OF LABOR