# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00468

THOMAS E. PEREZ, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

      Plaintiff,

v.

DIAMOND KIP'S INC., d/b/a ALPINE VALLEY SERVICES,
and TIMOTHY RIGGINS, individually,

      Defendants.

## CONSENT JUDGMENT AND INJUNCTION

Plaintiff, **THOMAS E. PEREZ**, the Secretary of Labor, United States Department of Labor ("Plaintiff"), having filed his Complaint and Defendants, having appeared by counsel, and without admitting to any allegations in the Complaint, agree to the entry of this Consent Judgment and Injunction;

**NOW**, therefore, upon motion of Plaintiff, and for cause shown, it is hereby:

**ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), 29 U.S.C. § 217, that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the FLSA in any of the following manners:

**I**

A. Defendant Timothy Riggins, individually, acted directly or indirectly in the interest of Diamond Kip's Inc. d/b/a Alpine Valley Services ("AVS") (collectively the "Defendants") and thereby is considered to be an "employer" under section 3(d) of the FLSA and is individually responsible for the obligations contained in this Consent Judgment and Injunction.

B. Without admission of any violation of these provisions, Defendants agree that they shall not, contrary to sections 6 and 15(a)(2) of the FLSA, pay any of their employees, who in any workweek are engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA);

C. Without admission of any violation of these provisions, Defendants agree that they shall not, contrary to sections 7 and 15(a)(2) of the FLSA, employ any non-exempt employees in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty (40) hours without compensating such non-exempt employees for their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed.

D. Without admission of any violation of these provisions, Defendants agree that they shall not, contrary to sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve adequate and accurate records of its non-exempt employees, and of the wages, hours, and other conditions and practices of employment maintained by Defendants as prescribed by the regulations issued and from time to time amended pursuant to section 11(c) of the FLSA (29

C.F.R. Part 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

E. Without admission of any violation of these provisions, Defendants agree that they shall not, contrary to section 15(a)(3) of the FLSA, discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or us about to testify in any such proceeding, or has served or is about to serve on an industry committee.

## II – FLSA Monetary Relief

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c) in favor of Plaintiff and against Defendants in the total amount of $16,052.04, as follows:

A. Without admission of any violation of these provisions, Defendants shall pay the sum of $8,026.02 which represents back wages for the period from **February 23, 2012 to February 8, 2013**, to the present and former employees named and in the amounts set forth in Exhibit A, attached hereto and made a part hereof.

B. Without admission of any violations of these provisions, Defendants shall further pay to an equivalent amount as liquidated damages of $8,026.02, which constitutes additional settlement, and not an admission of liability, to present and former employees for the period from **February 23, 2012 to February 8, 2013**, as set forth in Exhibit A, attached hereto and made a part hereof.

C.      Without admission of any violation of these provisions, Defendants shall deliver to each employee named in "Exhibit A," no later than 10 days from the date the Court enters this Consent Judgment and Injunction, a check in the total amount of back wages and liquidated damages due the employee as indicated next to his or her name, less deductions from back wages for the employee's share of social security, Federal income tax and State income tax, and the amount owed in liquidated damages.  The deductions from the amounts indicated for each employee for social security, Federal income tax and State income tax shall be paid by the employer to the appropriate Federal and State revenue authorities and appropriate proof of such payments shall be furnished to the Secretary by the employer. At that time, the employer shall provide preliminary back wage evidence to the U.S. Department of Labor, Wage and Hour Division, at 1999 Broadway, Suite 710, Denver, CO, 80202. Preliminary back wage evidence will consist of a report that lists the employees' names, check numbers, gross and net amounts paid, employees' address, and social security numbers.

D.      No later than **60** days from the date the Court enters this Consent Judgment and Injunction, Defendants shall send Plaintiff the following proofs of payment for each employee: a copy of the cancelled check (front and back) for each employee.

E.      No later than **90** days from the date the Court enters this Consent Judgment and Injunction, Defendants shall deliver a check made payable to "Wage and Hour Division – Labor," delivered to U.S. Department of Labor – Wage and Hour Division, Wage and Hour Regional Office, 525 S. Griffin St, Suite 800, Dallas, TX 75202 (noting "AVS-Denver DO" on the check) for the total net amount of any checks for back wages and liquidated damages which cannot be distributed to identified employees in Exhibit A, or to their estates if that be necessary

because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums.

F. Plaintiff will attempt to locate the named employees and disburse the money. Any monies which have not been disbursed after three years, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying his share of any applicable taxes to the appropriate State and Federal Revenue authorities.

G. Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from the Defendants under the provisions of this judgment or the FLSA.

### III– Miscellaneous Provisions

A. By entering into this Consent Judgment and Injunction, the United States Department of Labor does not waive its right to conduct future investigations under the and to take appropriate enforcement action with respect to any past, present, or future violations

disclosed by such investigations, including, but not limited to, assessment of civil money penalties.

      B.    **FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any costs referenced under the Equal Access to Justice Act, as amended.

DATED *Jul 08, 2014*

**Kathleen M. Tafoya**
**United States Magistrate Judge**

Entry of the foregoing judgment and injunction is hereby consented to:

FOR THE SECRETARY OF LABOR:

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

JOHN RAINWATER
Associate Regional Solicitor

/s/ Lydia Tzagoloff                    DATED: June 9, 2014
Lydia Tzagoloff
Senior Trial Attorney

Office of the Solicitor
U.S. Department of Labor
1244 Speer Boulevard, Suite 515
Denver, CO 80204

The undersigned represents he or she is the person named below and has the authority to sign this document on behalf of the entity named and consents to the entry of this Consent Judgment and Injunction on behalf of each named defendant herein.

FOR THE DEFENDANT:

/s/ Timothy Riggins*                   DATED: June 9, 2014
Diamond Kip's Inc., d/b/a Alpine Valley Services

By: Timothy Riggins

Its: Owner

/s/ Timothy Riggins*                   DATED: June 9, 2014
Timothy Riggins, an individual

*Original signatures on file with the Plaintiff and will be attached as an exhibit.